## CIRCUIT COURT OF CAMPBELL COUNTY

E. W. Yeatts, Inc.

v.

Commonwealth of Virginia,
Department of Highways

September 17, 1984

By JUDGE J. SAMUEL JOHNSTON, JR.

There appears to be no argument that the initial filing of this suit in Campbell County in January of 1981 was improper as the only permissible venue was in the Circuit Court of the City of Richmond. That case has remained on the Campbell County docket for several years while the same action was filed and pending in the Circuit Court of the City of Richmond. As of July 1, 1982, § 33.1-387 set forth two permissible forums for suits such as the extant one, adding the location of the highway project. The case in Richmond was set for trial on three different occasions with plaintiff taking a nonsuit in March of 1984, and re-instituting the same action in Campbell County in April of 1984. The statute of limitations governing the filing of this action had run several years ago.

When defendants objected to Campbell County as a proper forum, relying on the dictates of § 8.01-380, it then became the plaintiff's burden to justify retention of this case in Campbell County. Further, it seems that the only way to justify retaining the case in Campbell County lies within the amorphous "good cause" exception for "proceeding in another

court." I am of the opinion that plaintiff has not shown "good cause" for allowing this case to proceed in Campbell County Circuit Court.

The action commenced in Campbell County in 1984 is clearly a new proceeding on the same cause of action which was nonsuited in Richmond. It could not possibly be pursued if the 1984 filing were the initial one as the statute of limitations had run several years ago. Thus, this cause of action would be barred absent the six-months savings clause of § 8.01-229. This alone should not bar plaintiff from pursuing its claim in Campbell County Circuit Court, yet it is one factor in my decision.

This matter was pending in Richmond Circuit Court for over three years. During its pendency, more specifically on July 1, 1982, a new forum was added to § 33.1-387 which in the instant case meant Campbell County. Plaintiff, however, for almost two years did not seek to change the forum to Campbell County but pursued discovery, filed motions, attended hearings, and set three different trial dates in the Circuit Court for the City of Richmond. Lastly, one week before the trial of this case was scheduled in Richmond Circuit Court, a voluntary nonsuit was taken. Plaintiff urges that "convenience" demands that the case be heard in Campbell County. This contention certainly would be meritorious except for the fact it is offset by plaintiff's two-year wait in seeking to utilize Campbell County and doing so only one week before trial. This smacks of forum shopping and not of good cause. But for the two-year delay in seeking Campbell County as a forum, the nonsuit taken one week before trial, and the statute of limitations having run several years ago, I would have to find "good cause" to allow the case to proceed here. Absent those factors, Campbell County is the only logical and proper forum to hear this matter.

Plaintiff seeks to consolidate the 1984 action with the 1981 action and proceed as one lawsuit. This cannot be. The 1981 action was improperly filed and a nullity and cannot be revivified by the 1984 action

which I have ruled is improperly filed. Thus, both actions now pending in Campbell County must be dismissed.

In summary, I find that:

(1) Campbell County would in all respects be a proper forum to litigate the above styled case especially in view of the 1982 amendment to § 33.1-387;

(2) The statute of limitations for filing the action in Campbell County ran several years before the filing in 1984;

(3) Plaintiff could in no respect pursue the 1984 action in Campbell County unless saved by the six-month tolling of the statute of limitations in § 8.01-229 and permitted by the "good cause" exception of § 8.01-380;

(4) Plaintiff has failed to show "good cause" to allow the case to proceed in Campbell County Circuit Court; and

(5) The 1981 lawsuit must be dismissed.